The Honorable Hubert A. Hankins State Representative 3901 Fir Street Pine Bluff AR 71603
Dear Representative Hankins:
This is in response to your request for an opinion regarding Act 595 of 1989, which is codified at A.C.A. 16-121-101 et seq. (Supp. 1989). Your specific question is as follows:
 Does section 1 subparagraph D or F prohibit a customer, or his representative, of a utility from disconnecting or turning on or off a meter to repair damage on the customer side of the meter? Would that be considered as tampering with the meter or an unauthorized reconnection of the meter?
If the action taken prevents or retards the action of the meter depriving the supplier from receiving proper charges or payment for service, or if it commences service that has been discontinued by the supplier, without prior approval, a cause of action may be created on behalf of the utility supplier under A.C.A. 16-121-103
(Supp. 1989). This section states in pertinent part:
 (a) Any utility supplier damaged through meter tampering or other acts by any person; including any acts which divert, or cause to be diverted, any utility service by any means whatsoever; or which make, or cause to be made, any unauthorized reconnection with property owned or used by the supplier to provide utility services without the authorization or consent of the supplier, shall have a cause of action against any such person found in violation of this section in the circuit courts of this state for all damages resulting therefrom, including actual, consequential, and punitive damages.
"Meter tampering" includes, under the definitional section, "preventing or retarding the action of a meter or other instrument used for measuring utility service . . . and any other means of tampering with or bypassing a metering device that deprives a supplier from receiving proper charges or payment for utility service." A.C.A. 16-121-101(d) (Supp. 1989). The term "unauthorized reconnection" means "the commencement of gas, water, or electric service, other than after utility service has been discontinued by the supplier." A.C.A. 16-121-101(f) (Supp. 1989).
Thus, if there is resultant damage to the utility supplier, the proposed action may be considered prohibited, in the sense that the supplier will have a cause of action under 16-121-103, supra. This is, of course, a factual question which we cannot decide. The foregoing will, however, hopefully offer general guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.